UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Docket no. 2:04-cr-00093-GZS |
| LAWRENCE MAHER, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR REDUCTION OF SENTENCE

Before the Court is the Defendant Lawrence Maher's Motion for Reduction of Sentence Pursuant to the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3582(c)(1) (ECF No. 117), which Defendant filed *pro se*. For reasons explained herein, the Court DENIES the Motion.

**I.   BACKGROUND**

On December 9, 2004, a jury found Defendant guilty of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). In April 2005, this Court sentenced Defendant to a term of 262 months imprisonment to be followed by six years of supervised release (ECF Nos. 50 & 51). Maher, now sixty-one years old, remains incarcerated on this sentence with a current estimated release date of July 31, 2023.[1] As detailed in the briefing on the current Motion, Maher has made multiple attempts to challenge his sentence and the conditions of his confinement. See, e.g., Gov't Response (ECF No. 120), PageID #s 705-09.

---

[1] See www.bop.gov (last visited January 21, 2020).

Most recently, on February 6, 2019, Maher sought compassionate release based on his age and medical conditions via the BOP process. (See ECF Nos. 117-9 & 117-10.) In a decision dated March 5, 2019, the Warden denied this request based on Maher not meeting the age requirement of sixty-five years. (See ECF No. 117-11.) Additionally, in a decision dated April 9, 2019, the BOP denied Maher's request to be considered for home detention as an elderly offender, a pilot program authorized by the FSA. While acknowledging that Maher met the age and time-served requirements for this program, the BOP found Maher did not qualify based on a history of violence. (See ECF No. 117-12.) This finding relied on Maher's criminal history as well as the PSR's description of his offense conduct, which had included a two-point enhancement for use of a firearm.

Shortly after receipt of these dual denials from BOP, Maher ended up needing medical care for multiple health issues. As documented in the exhibits attached to his Motion, Maher was treated at an outside hospital for a head injury and multiple rib fractures in May 2019. (See ECF No. 117-1, PageID # 654.) The records for this visit also documented "severe emphysema" and a lung mass for which further surveillance is medically recommended. (Id., PageID # 662.) Maher was admitted to the hospital again on June 21, 2019 for hemoptysis. The records for this hospital stay document a history of Crohn's disease, prostate cancer, and hepatitis C, as well as significant unexplained weight loss, bacterial pneumonia, and acute exacerbation of bronchiectasis. (See ECF No. 117-4, PageID #s 671, 682.) Once discharged, Maher had a follow-up pulmonary consultation on July 18, 2019, at which the doctor noted COPD and emphysema as well as a possible collagen vascular disorder. (See id., PageID # 685.)

Then, on September 23, 2019, Defendant filed his *pro se* Motion for Reduction in Sentence with this Court. As reflected in the exhibits attached to Maher's Reply (ECF No. 124), Maher had

a follow-up chest x-ray on October 23, 2019, due to ongoing rib pain on his left side. The findings indicated healing of previously documented rib fractures and pneumonia. (See ECF No. 124-1, PageID # 746.)

## II. DISCUSSION

At the outset, the Court concludes it cannot review the BOP's April 9, 2019 decision to deny Defendant's participation in the pilot program allowing home confinement for certain elderly inmates. Rather, the Court agrees with the Government that this Court simply has no jurisdiction to review Maher's eligibility for the pilot programs currently authorized under 34 U.S.C. § 60541(g). See Gov't Response, PageID # 718-20.

The Court construes the remaining arguments in Maher's pending Motion as seeking a modification of his term of imprisonment based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). This newer procedural mechanism for sentence reduction is a result of the 2018 passage of the FSA. See United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *1-*3 & n.1 (D. Me. July 11, 2019) ("The First Step Act did not change the statutory criteria for compassionate release, but it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate.") Thus, Maher is able to essentially appeal the BOP's March 5, 2019 denial of his request for compassionate release.

Assuming for the moment that the Court is able to consider the full medical records that have been provided in connection with the pending Motion,[2] the Court must find that

---

[2] In large part, Maher presses his appeal based on medical issues he has experienced after the March 5, 2019 denial. However, nothing in the record suggests the BOP had an opportunity to consider those records before denying Maher compassionate release. Thus, Maher has failed to exhaust his administrative rights to appeal the denial of compassionate release based on the medical challenges he has documented since May 2019. Nonetheless, given the

3

"extraordinary and compelling reasons warrant . . . a [sentence] reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In exercising its discretion to make such finding, this Court looks to the Sentencing Commission's existing guidance in determining what qualifies as "extraordinary and compelling reasons," which is found in U.S.S.G. § 1B1.13 & Application Note 1. See Fox, 2019 WL at *3 ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change.") While Application Note 1 lists four separate categories of reasons that might be deemed "extraordinary and compelling," only one of those categories, "Medical Condition of the Defendant," appears to apply to the record now before the Court. See U.S.S.G. § 1B1.13, Application Note 1(A). More specifically, in the absence of any evidence that Maher has been diagnosed with a terminal illness, the Court must consider whether the record establishes that he is: "suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." Id.

The Court readily acknowledges that Maher has suffered from some serious medical conditions in 2019 that required hospital care and follow-up with specialists. However, the records do not reflect that Maher's ability to provide self-care within his correctional facility has been substantially diminished and will remain diminished because he is not expected to recover. In fact, the record reflects some recovery and contains only limited argument about Maher receiving

---

*pro se* status of the movant and the lack of any failure-to-exhaust objection from the Government, the Court proceeds to consider the merits of whether the medical issues Maher has documented since May 2019 warrant compassionate release.

4

occasional assistance with self-care. See, e.g., Def. Reply, PageID # 733 (noting laundry assistance and occasional help with pick-up of food service trays).

Having fully reviewed and considered all of the documentation submitted, the Court concludes that Maher's medical conditions, while significant, do not rise to the level of a qualifying medical condition that should be deemed "extraordinary and compelling" under existing guidance.[3] Likewise, the Court, in an exercise of its discretion, declines Maher's invitation to conclude that his situation should be deemed extraordinary and compelling under the "other reasons" category. See U.S.S.G. § 1B1.13, Application Note 1(D).

Therefore, the Court ultimately concludes that the record does not support the modification sought by the present Motion and hereby DENIES the Motion (ECF No. 117).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 23rd day of January, 2020.

---

[3] The Court additionally notes that a finding that a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" is contemplated under the Sentencing Commission's guidance for any such sentence reduction. U.S.S.G. § 1B1.13(1)(B)(2). On the record presented, the Court does not reach this second inquiry, but notes that it is far from clear that the existing record allows for such a finding.