UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:04-cr-00093-GZS |
| LAWRENCE MAHER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON PENDING MOTION FOR EMERGENCY RELIEF**

Before the Court is Defendant Lawrence Maher's pro se Motion, titled Motion Seeking Emergency Relief Due to COVID-19 & the BOP's Denial of the CARES Act (ECF No. 134). After initial review of the Motion, the Court appointed the Federal Defender to represent Maher in connection with this Motion. (See ECF Nos. 136 & 137.) Having reviewed all of the briefing and exhibits submitted in connection with the Motion, the Court now DENIES the Motion for reasons explained herein.

Maher previously sought a sentence reduction from this Court in Fall 2019. (See ECF No. 117.) After full briefing, the Court denied this pro se request on January 22, 2020. (See ECF No. 125.) In relevant part, the Court found that it lacked jurisdiction to review the decision by the Bureau of Prisons ("BOP") to deny Maher's request to participate in the pilot program of home confinement for elderly inmates. (Id., PageID # 763.) While acknowledging that Maher had documented "severe emphysema" and other health issues, the Court also concluded that the record then available did not support a finding of "extraordinary and compelling reasons" warranting a reduction in Maher's sentence. (Id., PageID #s 763-65.) Defendant then sought reconsideration

of this ruling via two separate pro se motions (ECF Nos. 126 & 128).  The Court summarily denied both motions.  (See ECF Nos. 127 & 129.)  On March 10, 2020, this Court docketed Maher's Notice of Appeal (ECF No. 130).  That appeal remains pending before the First Circuit.[1]  (See 1st Cir. Docket # 20-1319.)

On April 22, 2020, Maher mailed the Court the pending Motion, which reflected his concerns given his underlying health conditions and the new reality of the COVID-19 pandemic.  (See ECF No. 134-4.)  Maher attached to the Motion the BOP's April 17, 2020 denial of his request for home confinement under the CARES Act.[2]  (See ECF No. 134-2.)  Based on the Court's initial review of the pro se Motion and the Government's expedited Response (ECF No. 135), the Court appointed counsel to Maher.[3]  With the assistance of counsel, Maher has now clarified that he is seeking only a judicial recommendation of home confinement via the Motion now before this Court.  (See ECF No. 142, PageID # 866.)

The Government argues that the Court lacks jurisdiction to grant Maher this relief because of his pending appeal.  (See ECF No. 145, PageID # 888.)  The Government contends that, instead, the Court must confine its action on the Motion to the limits contained in Federal Rule of Criminal Procedure 37.  In rebuttal to the Government's jurisdictional argument, Defendant argues that the appeal is unrelated.[4]  (See ECF No. 146, PageID #s 891-893.)

---

[1] Notably, on June 9, 2020, the First Circuit docketed a pro se Motion to Stay Appeal asking that his appeal be stayed pending this Court's ruling on his pending motion.  As of the date of this Order, there has been no response or action taken to the request for a stay.

[2] Coronavirus Aid, Relief, and Economic Security (CARES) Act, P.L. No. 116-136, 134 Stat. 281, 528-29 (2020).

[3] The District of Maine has since adopted a process for screening pro se requests for compassionate release.  See District of Maine General Order 2020-6.

[4] Defendant also argues that the Government waived its jurisdictional argument by failing to raise it before its June 19th Supplemental Memorandum (ECF No. 145).  Considering the full procedural history of the pending motion, the Court concludes the Government did not waive it objections to this Court's continuing jurisdiction by failing to raise the argument in its April 30th expedited Response (ECF No. 135).  Additionally, the Court maintains the ability to consider the impact of the appeal on its continuing jurisdiction despite any arguable waiver by the Government.

Having reviewed all of the cases cited by both sides, the Court concludes that Maher's appeal is related to the pending request for relief. As a result, binding First Circuit precedent makes clear that this Court presently lacks jurisdiction to grant Maher the relief he now seeks. See United States v. Maldonado-Rios, 790 F.3d 62, 64 (1st Cir. 2015); United States v. Torres-Oliveras, 583 F.3d 37, 44 (1st Cir. 2009). The Court presumes that Maher has sought to reframe his request for compassionate release due to COVID-19 as a request for a non-binding recommendation of home confinement in part because of these precedents. However, this change in tact does not make his request unrelated to his appeal. Rather, Maher now seeks a home confinement recommendation and the Court's prior ruling encompassed Maher's previous request for the BOP's home-confinement-for-elderly-inmates program.

More generally, it remains possible that, given the pending appeal, the First Circuit could find that the Court's earlier 2020 decisions, which denied Maher compassionate release or home confinement, were wrong. The "general rule" that divests this Court of jurisdiction over aspects of a case presently on appeal is designed to prevent the possibility of inconsistent simultaneous rulings. Torres-Oliveras, 583 F.3d at 44 ("'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'") (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). As the First Circuit has previously explained, "shared jurisdiction almost always portends a potential for conflict and confusion." United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998). This potential is certainly present when both this Court and the First Circuit are simultaneously asked to consider directing the BOP to take specific actions regarding the ongoing custody of an individual.

The Court appreciates that the pandemic, along with Maher's ongoing health issues,[5] have changed the factual bases upon which Maher seeks compassionate release or home confinement. However, following Rule 37(a)(2), the Court DENIES the pending Motion. This denial is without prejudice to Maher filing a new motion upon the resolution of his pending appeal.

SO ORDERED.

                                                  /s/ George Z. Singal  
                                                United States District Judge

Dated this 25th day of June, 2020.

---

[5] For example, the Medical Chronology Exhibit (ECF No. 142-2) documents that Maher was denied "entry to hospital for a lung biopsy due to COVID" on April 2, 2020.